IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| In re: | ) | |
|---|---|---|
| | ) | |
| Elnora Macklin, | ) | Case No.: 05-12750-BGC-13 |
| | ) | |
| Debtor. | ) | |

**ORDER**

The matter before the Court is a <u>Motion for Relief from Stay</u> filed on January 26, 2006, by Jeffco Finance & Discount Co., Inc. After notice, a hearing was held on June 13, 2006. Appearing were the debtor; her attorney Janice Groce, John Frawley for the movant; Joey Contorno, a representative of the movant; and Sims Crawford, the Chapter 13 Trustee. The matter was submitted on the testimony of the debtor and Mr. Contorno, evidence, arguments of counsel, and the pleadings.

**I. Background**

On August 11, 2005, the debtor borrowed about $1,000 from the movant. Because of a balance remaining on a prior loan, and related costs and interest, the debtor received $600 cash for the $1,000 loan. The debtor pledged a 1995 Ford Contour as collateral for the loan and gave the movant a security interest in that vehicle. The vehicle was later wrecked and considered totaled. The vehicle was insured. The vehicle was wrecked about two months before the hearing on this matter. There was no evidence of the exact date.

The movant has a security interest in the vehicle based on Movant's Exhibit 1. The movant is also listed as a lien holder on the title for the vehicle. Movant's Exhibit 2.

The debtor owes a balance to the movant for the August 11, 2005, loan. Movant's Exhibit 3. That exhibit also reflects that a payment by check made by the debtor was posted as returned to the movant on October 20, 2005.

The parties agree that the vehicle was totaled and that insurance funds are available. The insurance company has either paid the debtor and the movant or is holding payment pending the resolution of the matters before this Court. The amount the insurance company has paid or is willing to pay is either "about $2,000" or "$2,400." The evidence is not clear on either of these points.

The debtor filed the pending Chapter 13 case on October 15, 2005.

The determinative issue is how to divide the insurance funds.

To make that determination, the Court must decide:

1. The balance owed by the debtor to the movant on the August 11, 2005, loan. Within that issue is the question of whether the debtor has been given credit for all of the payments she has made and what is the amount of interest remaining on the loan after about one-half of the loan period has expired.

2. Whether the movant is entitled to attorney fees. Within that issue is whether services for the movant were necessary and if they were, whether the 15 percent amount allowed by the parties' contract is reasonable.

## II. Balance Due on the Loan

The balance due on the debtor's loan according to Movant's Exhibit 3 is $2,442.08. That amount includes $1,162.50 in attorney charges; however, that amount does not reflect the provisions of the parties' contract. The contract that created that interest allows the lender, here the movant, to be reimbursed for, "Attorney's fees and court costs." Movant's Exhibit 1 at para. 11. That paragraph provides, "If the original amount financed exceeds $300.00, then upon default and referral to an attorney not the salaried employee of Lender, Borrower(s) shall pay Lender's reasonable attorney's fees not exceeding 15% of the unpaid debt after default."

Applying this definition to the facts, the Court finds that the original amount financed exceeded $300, that the matter was referred to an attorney (not a salaried employee of the movant), and therefore, if there was a default, the debtor is liable for an attorney's fee of 15% of the balance due at the time of default.

Based on the facts, the Court finds that the debtor defaulted on her loan. A payment made on September 8, 2005, or October 7, 2005, was returned to the movant, presumably as an insufficient check. Consequently the debtor defaulted at that time. In addition, in her proposed plan, the debtor represented that she intended to file a motion to avoid the movant's security interest. No motion has been filed, and the debtor's plan was confirmed on July 20, 2006. That order does not provide for a payment on the movant's secured interest.

Also included in the $2,442.08 balance reflected on Movant's Exhibit 3 is interest on the loan of $274.55. That amount reflects the total amount of interest that would be paid over the 24 month period of the loan. The parties agree that if the loan is paid before its maturity date, the debtor should be given credit for some of that interest. As this order resolves the parties' differences, it is clear that the loan will be paid with about 12 months left to its maturity date.

In calculating the balance due now, the Court finds that the beginning balance of $2,442.08 should be reduced by $1,162.50 leaving a subtotal of $1279.58. That amount should be reduced by about one-third of the $274.55 interest, that is $92.00 (the amount the Court estimates is due with one year left on the loan.)[1] Subtracting $92.00 from $1,259.58, the Court finds the balance the debtor owes now on her loan is $1,187.58.

### III. Attorney's Fees

The first question in regard to attorney's fees is whether an attorney's services were necessary. The debtor contends that they were not. The Court disagrees. The debtor's plan proposed to affect the movant's rights and its interest. Although the movant filed a secured claim, the debtor did not propose to pay that claim (and no payments on it have been made). And the movant's lien on the property has not been avoided. And, even if it is avoided, as the plan was confirmed at a payment rate of 100% to unsecured creditors, if the lien is not fully avoided, the movant would be entitled to some payment. All of this demonstrates that the movant needed the assistance of counsel. There have been several hearings on the matters this order addresses and representation at those was necessary.

The final issue is what attorney's fees are reasonable for the work done. The parties' contract provides, "attorney's fees not exceeding 15% of the unpaid debt after default." Movant's Exhibit 3. The Court finds that amount to be reasonable. Therefore, with a balance due of $1,187.58, the amount of attorneys fees would be 15% of that balance, which equals $178.14. Therefore the total balance due by the debtor to the movant on her loan is $1,365.72.

The evidence did not establish the exact amount of the insurance funds available. Whatever that amount is, the movant is entitled to $1,365.72. The debtor is entitled to the balance.

### IV. Order

Based on the above, it is therefore **ORDERED, ADJUDGED and DECREED** that:

1. The Motion for Relief from Stay is **GRANTED** to the extent the movant shall receive $1,365.72 of the insurance funds;

2. The debtor shall receive the remainder of the insurance funds;

---

[1] The Court estimates that more of the interest would be paid in the first year than the second. The Court has not made the exact calculation. If either party wishes to do so, the Court will reconsider the interest amount due.

3

3. Whomever has control of the insurance funds shall pay the movant $1,365.72 and the debtor the remainder; and

4. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

Dated: September 8, 2006                /s/Benjamin Cohen
                                        BENJAMIN COHEN
                                        United States Bankruptcy Judge

BC:pb

4